UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALEXANDER LEVIN, M.D.,

        Plaintiff,                CV No. 01-1028 (JS)

        -against-

ACTION FUNDING, INC., AND DEAN G.WEBER,

        Defendants.
-----------------------------------------------------------X

**APPLICATION IN SUPPORT OF ORDER HOLDING DEAN G. WEBER IN CONTEMPT OF COURT OR FOR OTHER RELATED RELIEF FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER DATED AUGUST 6, 2004**

    ALEXANDER LEVIN, M.D. ("Plaintiff"), through his attorney, The Law Offices of Avrum J. Rosen, respectfully represents and states in support of its application as follows:

1.    Plaintiff submits this application for an Order pursuant to Rule 37 (b)(2) of the Federal Rules of Civil Procedure holding Dean G. Weber ("Mr. Weber") in civil contempt of court for failure to comply with the Order of the Honorable E. Thomas Boyle, dated August 6, 2004 ("the August 6th Order") and/or imposing appropriate sanctions upon Mr. Weber. A copy of the August 6th Order is annexed hereto as Exhibit "A". The August 6th Order was issued after Plaintiff filed a motion seeking an Order compelling the above Defendants to comply with the discovery requests made by the Plaintiff. A copy of Plaintiff's motion to compel is annexed hereto as Exhibit "B". This motion is made during the supplemental proceedings in connection with the above action. As will be discussed herein, during the underlying action and now during the supplemental proceedings, Mr.

Weber has avoided responding to discovery requests and demands made by Plaintiff in an effort to thwart Plaintiff from satisfying the judgment that Plaintiff has against the above Defendants.

**BACKGROUND FACTS AND THE UNDERLYING ACTION**

2. On or about February 28, 1996, Alexander Levin, M.D. ("Plaintiff") loaned Action Funding, Inc. and Dean G. Weber (collectively referred to as "the Defendants") at the request of the Defendants the sum of $500,000.00 which Defendants promised to repay on demand with interest at 19% commencing March 11, 1996 with the first payment due on April 10, 1996 and each month thereafter on the 10th day of the month. Neither Defendants repaid the full loan amount of the loan despite Plaintiff's demands therefor.

3. As a result, Plaintiff, a New Jersey resident, commenced a diversity collection action in the United States District Court, Eastern District of New York under CV number 01-1028 against Action Funding, Inc., a mortgage broker licensed by the State of New York with it principal place of business in North Bellmore, New York and its principal officer, Dean G. Weber, Esq., also a New York resident and attorney. ("the District Court Action"). The Defendants filed an answer to Plaintiff's complaint in the District Court Action.

4. During the course of the District Court Action, the Defendants repeatedly failed to comply with the Court's discovery orders. As such, Plaintiff filed a motion, dated December 5, 2001, made returnable before Judge Mishler on December 26, 2001, for an Order pursuant to Rule 37(b)(2) striking the Defendants' answer and entering judgment by default based on the Defendants' repeated failure to provide

discovery, pursuant to the rules and order of the court or in the alternatively, an order compelling compliance with outstanding discovery request and orders. The Defendants did not oppose Plaintiff's motion. The Honorable Judge Mishler referred the motion to E. Thomas Boyle, United States Magistrate, who issued a Report and Recommendation on April 4, 2002 ("the Report and Recommendation"). A copy of the Report and Recommendation is annexed as Exhibit "A" to Exhibit "B" of Plaintiff's prior motion which is annexed hereto as Exhibit "B".

5. United States Magistrate Judge's Report and Recommendation advised that Defendants' answer should be stricken and a default judgment should be entered based upon Defendants' repeated refusal to comply with court orders and repeated failure to respond to discovery demands. See page 6 of the Report and Recommendation.

6. Judge Mischler thereafter issued an Amended Memorandum of Decision and Order on May 14, 2003, granted Plaintiff's motion to strike Defendants' answer and to enter judgment by default in favor of the Plaintiff. A copy of the Amended Memorandum of Decision and Order is annexed Plaintiff's prior motion to compel (Exhibit "B" to this motion") as Exhibit "B".

7. The Clerk of Court entered a judgment against the Defendants in the amount of $500,00.00, plus interest in the amount of $451,249.62, for a total sum of $951,249.62 plus interest, and costs in the amount of $250.00 ("the Judgment"). A copy of the Judgment is annexed as Exhibit "C" to Plaintiff's motion to compel (Exhibit "B" of this motion).

8. The Defendants have not paid the Judgment.

## POST JUDGMENT SUPPLEMENTAL PROCEEDINGS

9. Rule 69(a) of the Federal Rules of Civil Procedure provides that the "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aide of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."

10. Accordingly, in February of 2004, Plaintiff's counsel, on behalf of Plaintiff, sent information subpoenas and restraining notices to various banks located in New York in an effort to locate Defendants' bank accounts in which to execute upon. Plaintiff was not successful in locating any bank accounts with funds available to execute upon except one. Plaintiff also filed transcripts of the judgment in various counties in the event that the Defendants have an interest in any real property located in those counties.

11. On May 10, 2004, Plaintiff served the Defendants with a Subpoena to take Deposition of Judgment Debtor ("the Subpoena to take Deposition") and a Notice of Discovery and Inspection ("the D & I"). Copies of the Subpoena to take

Deposition and the Notice of Discovery and Inspection are annexed to Plaintiff's motion to compel ("Exhibit "B" to this motion) as Exhibit "D".

12. Service of the Subpoena to take Deposition and the D & I was effectuated upon the Defendants by serving Roger Buffardi, a co-worker at 1888 Bellmore Avenue, Bellmore, New York, the Defendants' last known business address.  A copy of the Affidavit of Service is annexed to Plaintiff's motion to compel ("Exhibit "B" to this motion) as Exhibit "E" and a copy of the white pages showing the last address of the Defendants is to Plaintiff's motion to compel (Exhibit "B" to this motion) as Exhibit "F"

13. The D& I required the Defendants to produce certain documents and information on or before May 25, 2004.  The Defendants failed to comply with the D&I.  The Subpoena required Dean Weber, who is an attorney at law, individually and as president of Action Funding, Inc., to submit to an examination by Plaintiff on June 1, 2004 at Plaintiff's attorneys' office.  Again, the Defendants did not comply with the subpoena to take deposition.

## MOTION COMPELLING THE DEFENDANTS TO COMPLY WITH DISCOVERY REQUESTS

14. Thereafter, Plaintiff filed a motion seeking an Order pursuant to Rule 37(a)(2)(D) and (b)(2)(D)(1) compelling the Dean G. Weber, on behalf of the Defendants, to comply with Plaintiff's Notice of Discovery and Inspection by a date certain and to submit to the examination by a date certain and (2) in the event Defendants fail to comply with this Court's order , scheduling a hearing to hold Dean G. Weber in civil contempt of court upon the filing of an affirmation of non-compliance by

Plaintiff's counsel. The Defendants did not respond to the motion. On August 6, 2004, the Honorable E. Thomas Boyle issued an Order specifically stating that "without any opposition that Dean G. Weber is compelled to comply with Plaintiff's Notice of Discovery by August 18, 2004 and to submit to the examination by August 30, 2004." The Order also directed Plaintiff's counsel was also directed to serve a copy of this order on all parties upon receipt. Plaintiff's Counsel served a copy of the Order as evidenced by the Affidavit of Service annexed hereto as Exhibit "C".

15. Mr. Weber did not respond to our discovery requests. Rather, he called this office to advise us that he would be dropping off documents. On August 25, 2004, this office wrote to Mr. Weber advising him to comply with our discovery requests. A copy of the August 25th letter is annexed hereto as Exhibit "D".

16. After August 25, 2004, Dean G. Weber provided this office with some documents. However, the documents did not respond to most of Plaintiff's discovery requests. As a result, by letter dated September 7, 2004, this office informed Mr. Weber of the requests he did not respond to . A copy of the September 7th letter is annexed hereto as Exhibit "E".

16. Your affirmant also received from Mr. Weber a response to Plaintiff's discovery demands wherein Mr. Weber responds to a number of Plaintiff's discovery requests by stating that he will supply the documents, a copy of which is annexed hereto as Exhibit "F". To date, Plaintiff has not received anything from Mr. Weber.

## RELIEF SOUGHT

17. The Defendants appear to be following the same conduct they exhibited during the District Court Action. They are ignoring subpoenas and document and information requests. Mr. Weber has also failed to submit to an examination by Plaintiff. This conduct is especially egregious as Mr. Weber is an Attorney at Law.

18. As set forth above, pursuant to Rule 69 of the Federal Rules of Civil Procedure, a judgment creditor may obtain discovery from any person, including a judgment debtor, in an effort to enforce a judgment. Rule 69 provides in pertinent part that "[i]n aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules in the manner provided by the practice of the state in which the district court is held." In an effort to enforce the default judgment in the District Court action entered against the Defendants, Plaintiff sought to obtain certain discovery from Defendants through the examination of the Defendants and the production and examination of documents. The Defendants failed to comply with the subpoena duces tecum and the notice of discovery and inspection of documents.

19. Rule 37 (a)(2)(A) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

20. A person's failure to comply with a subpoena duces tecum is punishable by contempt pursuant to Rule 45(e) of the Federal Rules of Civil Procedure. <u>Adidas Sprotschufabriken Adi Dassler Stiftung &. Co., V. New Generation f/k/a Uptopia</u>

Textiles, 1993 U.S. Dist. LEXIS 10810, *8-*9 (S.D. N.Y. 1993). "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Federal Rule Civil Procedure 45 (e). Similarly, a party's failure to comply with a court's discovery order can be punished by contempt pursuant to Rule 37(b)(2). See Fed. R. Civ. P. 37(b)(2)(D) ( party who fails to comply with a discovery order may be issued "an order treating as a contempt of court the failure to obey an orders except an order to submit to a physical or mental examination"). Id.

21. Mr. Weber has not fully complied with our discovery requests and has not submitted to an examination by the Plaintiff. He has not supplied this office with the following documentation and/or information which was requested in Plaintiff's Notice of Discovery and Inspection:

a. He has not provided any documentation evidencing either of the Defendants' interest in any corporation and/or business in the past six years, including, but not limited to, Blue Jay Corporation and Brooklyn Properties, Inc.

b. He has not provided us with copies of federal and state tax returns for the past six years for any corporation and/or business that either of the Defendants had an interest in.

c. He has not provided us with copies of any and all documents evidencing ownership in and to any real property that the Defendants and/or their corporations and/or businesses have and/or had an interest in in the last six years.

d. He has not provided us with some documents revealing the disposition of any real property that either of the Defendants or their corporations and/or businesses have and/or had an interest in but this request had not been completely addressed.

e He has not provided us with copies of any and all bank statements for bank accounts the Defendants had an interest in the last two years.

  f. He has not provided us with evidence of the ownership of the properties listed in (i)of the document request.

  g. He vaguely responded to the question regarding the disposition of the $500,000 that the Plaintiff tendered to the Defendants.

22. In light of the Defendants' history, it is respectfully requested that this Court issue an Order holding Dean G. Weber in civil contempt of court pursuant to Rule 37 (b)(2)(D) of the Federal Rules of Civil Procedure.

23. The Plaintiff further requests that Mr. Weber pay reasonable expenses and attorneys fees for the costs of making this motion and the prior motion to compel the Defendants to comply with discovery requests. This request is supported by Rule 37(b)(2)(E) which provides in pertinent part that "[i]n lieu of any of the foregoing order or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Here, Mr. Weber has yet again deliberately ignored Orders of the Court and has not complied with the August 6th Order. Submitting a statement stating that you will supply the documents is not complying with the August 6th Order. Again, it is disturbing that these actions have been taken by a member of the Bar.

24. In view of the fact that the within affirmation contains references to the applicable statutory and case law, it is respectfully requested that at this time, Applicant not be required to file a separate memorandum of law.

WHEREFORE, in view of the foregoing, it is respectfully requested that this Court issue an Order holding Dean G. Weber in civil contempt of court pursuant to Rules 37(b)(2)(D) of the Federal Rules of Civil Procedure, awarding Plaintiff reasonable attorney's fees and costs incurred in making this motion and the prior motion to compel pursuant to Rule 37 (b)(2)(E) and for such other and further relief and different relief as this Court deems just, proper and equitable.

Dated: Huntington, New York  THE LAW OFFICES OF AVRUM J. ROSEN
       September 30, 2004  Attorneys for Alexander Levin, the Plaintiff

                                  By:    S/Avrum J. Rosen
                                            AVRUM J. ROSEN (AJR 4016)
                                            38 New Street
                                            Huntington, New York 11743
                                            (631) 423-8527
                                            ajrlaw@aol.com